Citation Nr: 1554523 
Decision Date: 12/31/15 Archive Date: 01/07/16

DOCKET NO. 08-35 490 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Manila, the Republic of the Philippines


THE ISSUES

1. Entitlement to service connection for peripheral vascular disease (also claimed as vascular insufficiency).

2. Entitlement to service connection for cellulitis.


REPRESENTATION

Appellant represented by: The American Legion


ATTORNEY FOR THE BOARD

R. Williams, Counsel



INTRODUCTION

The Veteran served on active duty from October 1971 to October 1973 and from February 1980 to June 1988.

This matter comes to the Board of Veterans' Appeals (Board) on appeal from a September 2006 rating decision issued by the Department of Veterans Affairs (VA) Regional Office (RO) in Manila, the Republic of the Philippines.

Although the Veteran indicated on his November 2008 substantive appeal (VA Form 9) that he wanted to appear at a hearing before the Board, an August 2011 report of contact reflects that he wished to withdraw his hearing request. The Board finds that the request has been withdrawn. 38 C.F.R. § 20.704 (2015).

In August 2012, the Board remanded the claims. The case now returns to the Board following completion of the requested development. 

The issues of entitlement to service connection for diabetes mellitus and dental treatment and increased ratings for abdominal hernia and body rash have been raised by the record in VA Form 21-526EZ received in November 2015, but have not been adjudicated by the Agency of Original Jurisdiction (AOJ). Therefore, the Board does not have jurisdiction over them, and they are referred to the AOJ for appropriate action. 38 C.F.R. § 19.9(b) (2015). 

This appeal was processed using the Veterans Benefits Management System (VBMS). Accordingly, any future consideration of this Veteran's case should take into consideration the existence of this electronic record. In evaluating this case, the Board has also reviewed the "Virtual VA" system to ensure a complete assessment of the evidence.

The appeal is REMANDED to the AOJ. VA will notify the appellant if further action is required.


REMAND

The Veteran contends that his currently diagnosed peripheral vascular disease and cellulitis are related to service. The claims were remanded in August 2012 in order for an examiner to provide an opinion as to whether cellulitis and/or peripheral vascular disease likely originated during, or as a result of any incident of, his active duty service. According to a March 2014 opinion, after reviewing the Veteran's service treatment records and progression of symptoms, the VA examiner opined that the Veteran's cellulitis and peripheral vascular disease was less likely than not incurred in or caused by the claimed in-service injury, event or illness. She stated that it is less likely that the Veteran's cellulitis is related or is a continuum of the cellulitis he had while in service which resolved and that the Veteran's present recurring cellulitis is at least as likely as not the result of his uncontrolled diabetes. She also stated that the peripheral vascular disease of the LE (lower extremities) is also at least as likely as not secondary to his diabetes since peripheral arterial occlusion is a known complication of diabetes. 

Service connection for diabetes mellitus was granted in a June 2009 rating decision, effective January 2009, and then severed in a December 2010 rating decision, effective March 1, 2011. The denial of service connection for diabetes mellitus was continued in a February 2013 rating decision. In his recent August 2015 statement, the Veteran requested to reopen his claims involving Agent Orange, which would include the claim for service connection for diabetes mellitus, based on new regulations involving Thailand service, naval vessels, and Vietnam Water, Cam Rahn Bay. The VA Form 21-526 EZ received in November 2015 also reflects that the Veteran is again claiming entitlement to service connection for diabetes mellitus. 

The Board finds that the issues of service connection for peripheral vascular disease and cellulitis are inextricably intertwined with the service connection claim for a diabetes mellitus. Therefore, the issue must be remanded. See Harris v. Derwinski, 1 Vet. App. 180 (1991).


Accordingly, the case is REMANDED for the following actions:


1. Develop and adjudicate the inextricably intertwined issue of whether new and material evidence has been received to reopen the Veteran's claim for service connection for diabetes mellitus. The Veteran should be advised in writing of the determination and his appellate rights (that issue is not before the Board, and will be before the Board only if he perfects an appeal of a negative determination.)

2. Then, readjudicate the claims for service connection for peripheral vascular disease and cellulitis on the merits. If the benefits sought are not granted, the Veteran and his representative should be furnished a supplemental statement of the case and afforded a reasonable opportunity to respond before the record is returned to the Board for further review.

The appellant has the right to submit additional evidence and argument on the matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
K. J. ALIBRANDO
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2015).